UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REDPRAIRIE CORPORATION,

    Plaintiff,

vs.

Case No. _____

WINDWARD PETROLEUM,

    Defendant.

## COMPLAINT

Plaintiff RedPrairie Corporation ("RedPrairie"), by its attorneys, Whyte Hirschboeck Dudek S.C., complains and alleges against defendant Windward Petroleum ("Windward") as follows:

## PARTIES

1. RedPrairie is a Delaware corporation that is engaged in the development, licensing, maintenance and support of supply chain execution and retail operations software systems nationally and internationally, maintaining its principal offices at 3905 Brookside Parkway, Alpharetta, GA 30022.

2. Windward is, upon information and belief, a New Hampshire corporation with its principal place of business located at 1064 Goffs Falls Road, Manchester, New Hampshire 03103.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

5. RedPrairie and Windward entered into a Software License & Services Agreement (the "Agreement"), which was effective as of December 19, 2008. Attached as **Exhibit A** is a true and correct copy of the Agreement (including its Business Terms and Appendices).

6. Under the Agreement, RedPrairie granted a perpetual license of proprietary software ("Licensed Software") and related technical documents ("Documentation") to Windward, and agreed to provide, upon Windward's request, development, installation, training, implementation and other professional services ("Services") associated with the Licensed Software.

7. Under Paragraph 2 of the Agreement's Business Terms, Windward agreed to pay RedPrairie a license fee ("License Fee") for the Licensed Software of $126,350.00 in two equal installments.

8. In addition, under Paragraph 5 of the Agreement's Business Terms, Windward agreed to pay for the Services as set forth in the Business Terms, including maintenance and support services.

9. On or about December 29, 2008, RedPrairie delivered the Licensed Software and Documentation to Windward pursuant to the Agreement.

10. After delivery of the Licenses Software and Documentation, RedPrairie invoiced Windward pursuant to the terms of the Agreement.

11. The numbers of each of the individual invoices (collectively, the "Invoices") issued by RedPrairie to Windward that Windward refuses to pay, and the payment due dates and amounts owed on each, are as follows:

| Invoice No. | Payment Due Date | Amount Due |
|---|---|---|
| DOM-501 | 4/25/2009 | $11,371.50 |

| | | |
|---|---|---|
| DOM-873 | 4/26/2009 | $63,175.00 |
| DOM-4750 | 11/30/09 | $11,371.50 |
| DOM-6541 | 2/17/2010 | $22,743.00 |
| DOM-6921 | 3/2/10 | $63,175.00 |
| | **TOTAL:** | **$171,836.00** |

12. Attached hereto as **Exhibit B** are true and correct copies of the Invoices which RedPrairie sent to Windward.

13. Paragraph 10.5 of the Agreement provides that Windward shall pay interest at 1.5% per month on any invoiced amount that it fails to pay within 30 days from the date of the invoice.

14. Paragraph 15.4 of the Agreement provides that it is governed by Wisconsin law. Also, in Paragraph 15.5 of the Agreement, Windward consented to the assertion of personal jurisdiction by this Court over it.

15. RedPrairie has made demands for payments of the amounts owed by Windward under the Agreement, but Windward has refused to pay same.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

16. RedPrairie realleges and incorporates paragraphs 1 through 15 above, as though fully contained herein.

17. The Agreement entered into between RedPrairie and Windward constitutes an enforceable contract.

18. By refusing to pay the Invoices and other amounts owed to RedPrairie under the Agreement, Windward has materially breached the Agreement.

19. Windward's failure to pay money owed also constitutes a breach of the duty of good faith and fair dealing implied in the Agreement.

3

WHD/7742914.1

Case 2:11-cv-00382-LA   Filed 04/21/11   Page 3 of 4   Document 1

20. RedPrairie has performed, and remains ready and willing to continue to perform, all of its obligations under the Agreement.

21. As a direct result of Windward's breach of the Agreement, RedPrairie has suffered direct, incidental and consequential damages in an amount to be determined at trial.

**WHEREFORE**, RedPrairie demands judgment as follows:

a. Money damages in an amount to be determined at trial, including all fees, interest and other amounts owed under the Agreement, including as set forth on the Invoices;

b. Prejudgment interest on all amounts due and owing under the Agreement;

c. RedPrairie's legal costs and expenses associated with this action; and

d. Any and all other relief the Court deems just and equitable.

DATED THIS 21ST DAY OF APRIL, 2011.

Attorneys for Plaintiff, RedPrairie Corporation

s/Eric J. Meier
Eric J. Meier, State Bar No. 1038127
Timothy H. Posnanski, State Bar No. 1056668
Whyte Hirschboeck Dudek S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone: (414) 273-2100
Fax: (414) 223-5000
Email: emeier@whdlaw.com
tposnanski@whdlaw.com

4